UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TIMOTHY BELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | 14-CV-3078 |
| LYNNE SHELTON, | ) | |
| Defendant. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, will be granted leave to proceed in forma pauperis based on his indigency. However, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, before this case is sent for service the Court will review Plaintiff's Complaint to ensure that he states a federal claim.

Plaintiff alleges that on three occasions Defendant Lynne Shelton withheld court mail which had been sent to Plaintiff

through the Court's electronic notification system.  Shelton is responsible for forwarding those notices to the recipients who are detained at the Rushville Treatment and Detention Center.

Specifically, Plaintiff alleges that Shelton did not forward this Court's response to Defendants' motion for an extension to respond to Plaintiff's interrogatories filed in Plaintiff's pending case <u>Bell v. Mitchell</u>, 13-CV-3198.  However, this Court has not yet ruled on that motion, which has been mooted by a second motion for an extension.  Defendant Shelton therefore did not fail to deliver the Court's response because the Court has not yet responded.

Plaintiff also alleges that Shelton did not forward Judge Shadid's order reassigning another of Plaintiff's pending cases to District Judge Bruce and Magistrate Judge Bernthal.  Plaintiff asserts that he was unable to timely file an objection to the reassignment.

The Court notes that Plaintiff's case was reassigned to Judge Bruce in an attempt to equalize the case loads in the Central District.  After Judge Bruce's confirmation, many of this Court's cases were transferred to Judge Bruce for that purpose.  In general, each case assigned to a District Judge in a certain division is also

assigned to the Magistrate Judge in that division, which explains why Magistrate Judge Bernthal is assigned to the case as well as Judge Bruce.

Even liberally construing Plaintiff's allegations, the Court cannot discern a federal claim against Defendant Shelton.

First, negligence does not violate the Constitution, nor do sporadic problems with mail delivery. Daniels v. Williams, 474 U.S. 327, 328 (1986)("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.")(emphasis in original); Zimmerman v. Tribble, 226 F.3d 568, 572-73 (7th Cir.2000) (one incident in which inmate's mail was not delivered for three weeks not sufficient to state a claim); Rowe v. Shake, 196 F.3d 778, 782 (7th Cir.1999)("isolated delay or some other relatively short-term, noncontent-based disruption in the delivery of inmate reading materials will not support" First Amendment claim by inmate).

Second, even if Shelton intentionally withheld the notification of the reassignment, Plaintiff was not prejudiced thereby. His ability to pursue his legal claims has not been hindered in any way. Lewis v. Casey, 518 U.S. 343, 351 (1996)(access to the courts claim

arises only if Plaintiff suffered an "actual injury" from the inability to pursue a nonfrivolous claim.)

In short, none of Plaintiff's constitutional rights were violated by Defendant Shelton's alleged action or inaction. This case must, therefore, be dismissed.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted due to Plaintiff's indigency (d/e 2).

2) This case is dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim for relief. This case is closed.

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: May 27, 2014

FOR THE COURT:

<u>     s/Sue E. Myerscough     </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE